FILED

NOT FOR PUBLICATION

MAR 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ARMENTHA HOOKER, | ) | No. 15-15647 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 2:13-CV-02616-JAT |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted March 13, 2017**
San Francisco, California

Before: FERNANDEZ and WATFORD, Circuit Judges, and STATON,*** District
Judge.

Armentha Hooker appeals the district court's judgment which affirmed the

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

***The Honorable Josephine L. Staton, United States District Judge for the
Central District of California, sitting by designation.

Commissioner of Social Security's denial of supplemental security income benefits[1] to her minor child, Z.H. We vacate and remand for further proceedings.

Hooker asserts that the Administrative Law Judge (ALJ) erred when she determined that Edwin Perez, M.D., a psychiatrist, was not the child's treating physician because he had not seen the child often enough before he rendered his opinion. We agree.

The precise number of times a physician has met with a patient before he renders an opinion (here at least one to three times within the eight months preceding the opinion) is not determinative of the authenticity of the treating relationship for these purposes. *See* 20 C.F.R. § 416.902; *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1038–39 (9th Cir. 2003). No doubt, the number of visits should be of a nature that is typical,[2] but the evidence in this case does not show that Dr. Perez failed to meet that standard. We also note that the child was seen a number of times by other providers at the facility (Valle Del Sol) where Dr. Perez was located and for the same problems that required his attention. *See Benton*, 331 F.3d at 1039.

Because treating physicians' opinions are given substantial (often

---

[1] 42 U.S.C. § 1382c(a)(1), (a)(3)(C).

[2] *See* 20 C.F.R. § 416.902.

controlling) weight,[3] the ALJ's conclusions were seriously affected by this error. Indeed, the consulting expert—Dr. Raymond Moore, a psychologist—upon whom the ALJ strongly relied indicated that if Dr. Perez was truly a treating physician his opinion would be weighty.

Moreover, the ALJ's sweeping conclusion that the record, which is quite extensive, did not support Dr. Perez's opinion is far too general to constitute a specific reason to discredit Dr. Perez's opinion, and that is especially so if he is a treating physician. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102–03 (9th Cir. 2014); *Garrison*, 759 F.3d at 1012–13; *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). As it is, there is much supporting evidence in the record.

For example, the child's teacher, Linda Foster, who had ample time to observe the child, pointed to the child's aggressive behaviors and opined that she had marked disabilities in a number of areas (an opinion that essentially agreed with that of Dr. Perez). The ALJ does not appear to have considered that lay opinion at all. That failure, itself, was an error by the ALJ. *See* 20 C.F.R. § 416.924a(a)(2)(iii); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

---

[3] *See* 20 C.F.R. § 416.927(c)(2); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 631–33 (9th Cir. 2007).

Moreover, it appears that Dr. Moore did not even realize that Foster's opinion was in the record.[4] Failure to consider Foster's evidence was doubly harmful because that evidence not only tended to underscore the child's problems at school, but also buttressed Dr. Perez's opinion. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Another example is the child's mother's testimony about the ongoing symptoms as shown by problems experienced in the home and about the many calls from the school regarding the child's poor behavior. The ALJ discounted some of that testimony and on this record we cannot say that the ALJ erred in so doing.[5] Still, the ALJ did not disregard the testimony in its entirety, and it does lend support to Dr. Perez's opinion.

Thus, we cannot uphold the Commissioner's determination at this time. Rather, we will vacate the district court and remand the matter so that the case can be given further consideration by the Commissioner, which may well necessitate

---

[4]However, we do not suggest that his opinion should be rejected in its entirety simply because he did not see a few of the exhibits.

[5]*See Garrison*, 759 F.3d at 1010.

further development and clarification of the record[6] regarding Dr. Perez's treating relationship with the child in the context of the child's overall treating relationship at Valle Del Sol.[7]

VACATED and REMANDED to the district court for further remand to the Commissioner for further proceedings consistent with this disposition. Costs on appeal are to be taxed against the Commissioner.

---

[6]We note that development and clarification of the record falls within the duties of the ALJ. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

[7]We do not remand for the computation of benefits at this time because on this record we are not able to say that this is one of those "'rare circumstances, where no useful purpose would be served by further administrative proceedings.'" *Treichler*, 775 F.3d at 1100 (citation omitted).